UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| HEALTHWERKS, INC.,<br>SPINE GROUP OF WISCONSIN, LLC,<br>GREAT LAKES SPINE GROUP, LLC, and<br>PAUL R. BREITENBACH,<br><br>         Plaintiffs,<br><br>and<br><br>BIOMET SPINE, LLC,<br><br>         Involuntary Plaintiff,<br><br>v.<br><br>STRYKER SPINE,<br><br>         Defendant. | Case No. 14-CV-93-JPS<br><br><br><br>ORDER |
|---|---|

1. OVERVIEW

  Earlier this year, plaintiffs Healthwerks, Inc. ("Healthwerks"), Spine Group of Wisconsin, LLC ("Spine Group"), Great Lakes Spine Group, LLC ("Great Lakes"), Paul R. Breitenbach ("Breitenbach") and Biomet Spine, LLC ("Biomet")[1] filed a complaint in the Ozaukee County Circuit Court in the State of Wisconsin against defendant Stryker Spine ("Stryker") seeking a declaratory judgment that, as of January 1, 2011 (and through the present), Plaintiffs owe no obligations to Stryker under either of two commercial contracts signed in January 2008. (Docket #1-1).

---

[1]Biomet is an involuntary plaintiff.

In response, Stryker removed Plaintiffs' case to this court (Docket #1) and filed a motion to dismiss the suit on grounds that arbitration is the only proper venue (Docket #6). *See* Federal Rule of Civil Procedure 12(b)(3).[2]

2. UNDISPUTED FACTS[3]

In January 2008, Stryker (a New Jersey-based manufacturer of spine-related products) entered into two "exclusive" agency agreements with Spine Group for distribution of Stryker's products in a portion of the Midwest (together, the "Agency Agreements"). (Docket #7-1 at 5-59 and 61-106).[4]

Each of the Agency Agreements provides for resolution of "any dispute arising out of or relating to the performance of th[e] Agreement" by "final and binding arbitration…in Newark, New Jersey." (Docket #7-1 at 48 and 101).[5] Notwithstanding those terms, the same contractual subsections

---

[2]Stryker's notice of removal seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Docket #1). Finding Striker's allegations with regard to the citizenship of members of the various limited liability companies named in the complaint (Docket #1-1) to be inadequate, the Court directed the parties to file a joint submission substantiating their reliance on diversity of citizenship for federal jurisdiction under 28 U.S.C. § 1332. (Docket #16). Having reviewed the parties' joint submission (Docket #19), the Court is satisfied that this civil action is between "citizens of different States" within the meaning of 28 U.S.C. § 1332.

[3]"When ruling on a motion to dismiss for improper venue, the district court is not 'obligated to limit its consideration to the pleadings [or to] convert the motion to one for summary judgment' if the parties submit evidence outside the pleadings." *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 809-810 (7th Cir. 2011) (quoting *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005)).

[4]These agreements were also countersigned by Great Lakes (as an affiliated company of Spine Group) and Breitenbach (as a "Principal"). *Id.*

[5]Page references refer to ECF pagination unless the context requires otherwise.

permit a concurrent "judicial proceeding" seeking "specific performance, injunctive relief and/or any other equitable remedy" in "either the Federal or State courts located in the State of New Jersey,…." (*Id.* at 49 and 102).

Notably, each of the Agency Agreements states that "[n]o modifications or waiver of any part of th[e] Agreement shall be binding upon either party unless in writing." (*Id.* at 47 and 100).

With regard to the duration of the Agency Agreements, Eric Romsey (Midwest Area Director for Stryker) declares that those agreements each expired on December 31, 2010, by their terms. (*Id.* at ¶¶ 1-10). However, according to Romsey, "[a]fter January 1, 2011, without a new written agency agreement in place, Stryker and [Spine Group] (and Great Lakes and Breitenbach) continued to operate under the terms of the [Agency] Agreements." (Docket #7-1 at 2). In contrast, Plaintiffs seek a declaratory judgment that, as of January 1, 2011 (and through the present), Plaintiffs owe no obligations to Stryker under either of the Agency Agreements. (Docket #1-1 at 12-13).

3. ANALYSIS

> As a general matter, the [Federal Arbitration Act ("FAA")] provides that an arbitration provision in a "contract evidencing a transaction involving commerce…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has explained that the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Notwithstanding this strong federal policy in favor of arbitration, the FAA's provisions are "not to be construed so broadly as to include claims that were never intended for arbitration." *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 929 (7th Cir.2003)…. Whether the parties have validly agreed to

arbitrate is governed by state-law principles of contract formation."

*Faulkenberg*, 637 F.3d at 808-809.

As noted above, the parties in this case agree that the Agency Agreements expired by their terms on December 31, 2010. (Docket #7-1 at ¶¶ 1-10). Therefore, Stryker argues that a contract—the terms of which mirror the Agency Agreements—has been implied by the parties' post-expiration course of conduct. *See* (Docket #7 at 4).[6] Plaintiffs, in opposition, argue that "[w]hile Stryker and Spine Group may have continued to do business after January 1, 2011, there is no evidence that the parties' performance ever contemplated an agreement to arbitrate disputes." (Docket #21 at 3).

Under Wisconsin law, "[a]n implied contract may be established by the parties' conduct without any words being expressed in writing or orally, if from such conduct it can fairly be inferred that the parties mutually intended to agree on *all* the terms." *Dickman v. Vollmer*, 303 Wis.2d 241, 253 (Wis. Ct. App. 2007) (emphasis added).[7]

To support its position, Stryker offers a letter, dated July 25, 2011, wherein counsel for Spine Group expressed his "understanding" that "under the terms of the Agency Agreements…, [Spine Group's] representation of [the products] of Orthovita, Inc., a [newly-acquired] wholly owned

---

[6]Stryker concedes (and Plaintiffs agree) that no survival clause applies to the arbitration provisions of the Agency Agreements. *See* (Docket #7 at 9, n.4); (Docket #21 at 2).

[7]Although courts normally respect the law chosen by the parties' contract —here, that is "the laws of the State of New Jersey, without regard to the principles thereof regarding conflicts of laws" (Docket #7-1 at 48 and 101)—none of the parties' briefing on Stryker's Rule 12(b)(3) motion cites any New Jersey law. *See* (Docket #7, #21, and #23). Rather, Wisconsin state law is cited sporadically. (Docket #7 at n.2); (Docket #21 at 9); (Docket #23 at 4).

subdivision of Stryker Corporation, is not competitive to Stryker Corporation." (Docket #71 at 108); (Docket #7 at 4). That letter, Plaintiffs contend, "…merely recognized that Spine Group was, at that time, subject to the [Agency Agreement's] one-year-post-termination non-compete provisions." (Docket #21 at 10).

In the Court's view, Plaintiffs' narrow reading of that letter is further bolstered by Stryker's briefing: if the terms of the parties' post-expiration course of conduct mirror the terms of the Agency Agreements (as Stryker argues), why does Stryker not cite any New Jersey law—which was expressly chosen in the Agency Agreements—whatsoever?

Moreover, as noted above in Section Two, each of the Agency Agreements provides that "[n]o modifications or waiver of any part of th[e] Agreement shall be binding upon either party unless in writing." (Docket #7-1 at 47 and 100); (Docket #21 at 9). Here, it is undisputed that the Agency Agreements expired by their terms on December 31, 2010. (Docket #7-1 at ¶¶ 1-10). To be sure, the record contains no evidence of a written modification of the Agency Agreements' terms. *Nissan North America, Inc. v. Jim M'Lady Oldsmobile, Inc.*, 486 F.3d 989, 997 (7th Cir. 2007) ("Nissan's argument would render meaningless the provision of the Dealer Agreement that required all changes to the agreement to be made in a writing signed by both parties.").

Finding no evidence in the present record that the parties' post-expiration performance ever contemplated an agreement to arbitrate disputes, the Court is obliged to deny Stryker's motion to dismiss for improper venue. (Docket #6). Accordingly, Stryker's concomitant request to stay Healthwerks's and Biomet's claims "pending arbitration" will be denied as moot. (Docket #6).

4. **PLAINTIFFS' MOTIONS FOR AN INJUNCTION AND SUMMARY JUDGMENT**

Plaintiffs' motion for an order enjoining arbitration proceedings initiated by Stryker (Docket #9) will be denied because Plaintiffs cite no controlling legal authority for the relief they request. *See* (Docket #9 and #11).

Lastly, Plaintiffs' motion for summary judgment (Docket #24)—filed shortly after Defendant's motion to dismiss (Docket #6)—will be denied without prejudice to allow Stryker to answer Plaintiffs' complaint and conduct discovery attendant to Stryker's nascent defense that an implied contract (whose contours the record does not yet define) was formed through the parties' post-expiration performance. *See* (Docket #7-1 at ¶¶ 11-12). Therefore, the Court will deny as moot Stryker's motions: (i) to stay briefing on Plaintiffs' motion for summary judgment (Docket #28); (ii) for leave to file a reply in support of Stryker's motion to stay briefing on Plaintiffs' motion for summary judgment (Docket #34); and (iii) motion to strike (Docket #37) Plaintiffs' letter concerning summary judgment briefing (Docket #36).

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss or stay pending arbitration (Docket #6) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that Plaintiffs' motion to stay arbitration proceedings (Docket #9) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that Plaintiffs' motion for summary judgment (Docket #24) be and the same is hereby DENIED without prejudice;

IT IS FURTHER ORDERED that the defendant's motion to stay briefing on Plaintiffs' motion for summary judgment (Docket #28) be and the same is hereby DENIED as moot;

IT IS FURTHER ORDERED that the defendant's motion for leave to file a reply in support of its motion to stay briefing on Plaintiffs' motion for summary judgment (Docket #34) be and the same is hereby DENIED as moot;

IT IS FURTHER ORDERED that the defendant's motion to strike (Docket #37) Plaintiffs' letter concerning summary judgment briefing (Docket #36) be and the same is hereby DENIED as moot; and

IT IS FURTHER ORDERED that the defendant shall file and serve an answer to Plaintiffs' complaint within twenty-one (21) days of the date of this order.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2014.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge