UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HEALTHWERKS, INC.,
SPINE GROUP OF WISCONSIN, LLC,
GREAT LAKES SPINE GROUP, LLC,
PAUL R. BREITENBACH,

    Plaintiffs,

BIOMET SPINE, LLC,

    Involuntary Plaintiff,

v.

HOWMEDICA OSTEONICS CORP.,
    d/b/a Stryker Spine,

    Defendant,

MIKE ROGERS,
SCOTT OLIN,
DAN GRAY,
JOHN MURRAY,
NICK NOVAK,
ANNIE BRAUER, and
TODD POTOKAR,

    Third-Party Defendants.

Case No. 14-cv-93-PP

---

**ORDER REQUIRING THAT ON OR BEFORE MONDAY, FEBRUARY 15, 2016, ANY PARTY BELIEVING THAT THERE IS CAUSE TO SEAL OR REDACT THE ITEMS REFERENCED IN DKT. NOS. 157, 166, 172 AND 178 FILE A STATEMENT IDENTIFYING THOSE DOCUMENTS/THAT INFORMATION FOR WHICH SUCH CAUSE EXISTS**

---

Defendant Howmedica removed this case from state court to the Eastern District of Wisconsin on January 28, 2014. Dkt. No. 1. The parties have heavily litigated most aspects of this case since it arrived in federal court. Judge J.P.

1

Stadtmueller originally presided over the case, and he had scheduled the case for trial on September 8, 2015. Dkt. No. 65. On December 29, 2014, however, the case was reassigned to Judge Pepper as part of the case redistribution process when she joined the court. Since that time, defendant Howmedica has filed four different motions to seal; Biomet Spine has filed one; and the plaintiffs/third-party defendants have filed three. On June 22, 2015, the court held a hearing on Howmedica's first motion to seal. Dkt. No. 89. At that hearing, the court noted that the only ground the defendant had stated for sealing the documents was that the documents were subject to the agreed protective order. The court noted that Seventh Circuit case law made clear that the simple fact that a document had been designated confidential pursuant to a protective order was not sufficient ground to constitute cause for sealing. The defendant argued that the documents contained proprietary customer lists and financial information. Id. at 1. During the hearing, the court reviewed the documents the parties had asked to seal, and had difficulty finding anything that looked like proprietary information (other than the customer lists—the court accepted, at that time, Howmedica's argument that those were proprietary). Counsel for the involuntary plaintiffs suggested that the court adjourn the hearing and give the parties time to talk through which documents truly needed redacting. The court reminded the parties that the fact that they agreed something needed redacting or sealing did not establish that it did, in fact, need to be sealed, and scheduled an adjourned hearing for July 1, 2015. Id. at 2. At the July 1 hearing, the court agreed to the parties' redactions.

2

Over four months later, however, Biomet filed a motion to seal. Dkt. No. 104. The court again scheduled a hearing to find out the cause for Biomet's request. Before the hearing date even arrived, the defendant filed another motion to seal, Dkt. No. 111, and the plaintiffs and third-party defendants filed their own motion to seal, Dkt. No. 117. At the November 23, 2015 hearing on Biomet's motion, the court observed that it had tried to go through, line by line, the items Biomet had asked the court to seal, but that it appeared that Biomet sought new and additional sealing beyond what the court already had allowed, and that the court couldn't figure out why. Id. at 1. Counsel for Biomet responded that he didn't necessarily think many of the items needed sealing, but that he was concerned about violating the protective order. After discussion, counsel for Biomet suggested (as counsel for the plaintiffs had done at the prior hearing) that the court adjourn the hearing to allow the parties to again determine which documents actually presented concern that would give rise to cause. Id. The court set a deadline of December 11, 2015 by which the parties should submit to the court a list of the items they believed should be sealed, along with proof of cause, and adjourned the hearing to December 18, 2015. Id. at 2.

At the December 18, 2015 hearing, the court expressed concern about the continued requests to seal so many documents, reminding the parties that they'd sought to bring this case in court—a public forum—and wondered why the parties would seek to seal so many documents being filed in a public dispute. Dkt. No. 169. Counsel for defendant Howmedica told the court that

3

the spinal product industry was such that competitors could gain unfair advantage over a manufacturer if they learned the percentage it paid its distributors, or the discounts it granted certain customers. He argued that the spinal product industry was not a free, open market, where everyone knew everyone else's prices, inventory or customers. The court responded by wondering whether that was a good thing. The court also noted some of the documents Howmedica wished to keep confidential dated back to 2009 or 2011, and wondered how that information could be confidential now; counsel for Howmedica responded that many documents involved multi-year agreements. Id. at 1-2. Counsel for the plaintiffs, third-party defendants and involuntary plaintiff indicated that they had tried to narrow the redactions as much as possible. Id. at 2. Again, the court spent time, on the record, going through each requested redaction, and approving, disapproving or modifying the redactions. Id. at 2-6. The December 18 hearing (which admittedly also involved some motions to compel) lasted just shy of two hours.

Despite the amount of time the parties and the court have spent on the sealing of information at Howmedica's request, the parties now have filed additional motions to seal. On December 21, 2015—three days after the December 18 hearing—Howmedica filed a motion to seal its response to the plaintiffs'/third-party defendants' proposed material facts. Dkt. No. 157. This motion stated that the parties, "consistent with the procedure set forth in the Court's Minute Order dated June 22, 2015," were going to meet and confer to discuss what redactions they'd propose to the court, and that the redactions

4

would "take into account the Court's guidance from the December 18, 2015 hearing." Id. at 2.

On that same date—December 21, 2015—the plaintiffs/third-party defendants filed a motion to seal exhibits to their oppositions to defendant Howmedica's motion for summary judgment. Dkt. No. 166. This motion appears to be another attempt by the plaintiffs/third-party defendants to avoid having defendant Howmedica accuse them of violating the protective order.

A month later, on January 19, 2016, Howmedica filed a motion asking the court to seal its response to Biomet's Rule 56 statement of additional facts and supporting exhibits. Dkt. No. 172. Howmedica again indicates that the parties will meet and confer to decide what really needs sealing. The plaintiffs/third-party defendants filed such a motion. Finally, on January 19, 2016, the plaintiffs/third-party defendants filed a motion asking to seal their reply to Howmedica's statement of additional facts. Dkt. No. 178.

So—since the two-hour hearing on sealing that took place on December 18, 2015, the parties have filed four additional motions to seal. At the December 18, 2015 hearing, counsel for the plaintiffs/third-party defendants argued that enough was enough. The court was inclined at that time (and times prior) to agree, but despite that inclination, agreed to seal various documents. The filing of these additional motions to seal has caused the court to go back to the Seventh Circuit's guidance, as well as to look at recent decisions from some of its colleagues on the district court. That review has

5

convinced the court that it is time to bring the sealing marathon in this case to an end.

As long ago as 1999, the Seventh Circuit expressed its concern about the kinds of arguments Howmedica has made in this case. In <u>Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 944 (7th Cir. 1999), the district court had signed a protective order that "[kept] out of the public record of the litigation, any document 'believed to contain trade secrets or other confidential or governmental information, including information held in a fiduciary capacity.'" (Citation omitted) One of the parties then asked to submit an appendix to the Seventh Circuit, under seal, and cited to the protective order as grounds. <u>Id.</u>

The court explained that the law required that a district court must make a determination "of good cause to seal any part of the record of a case." <u>Id.</u> (citing Fed. R. Civ. P. 26(c); <u>Seattle Times Co. v. Rhinehard</u>, 467 U.S. 20, 37 (1984); <u>Jepson, Inc. v. Makita Elec. Works, Ltd.</u>, 30 F.3d 854, 858 (7th Cir. 1994); <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 785-87 (3d Cir. 1994)). Noting that "parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding," the court observed that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." <u>Id.</u> at 944-45 (internal citations omitted). While the court allowed that the public interest "does not always trump the property and privacy interests of the litigants," it stated that the public interest could be overridden "only if the latter interests predominate in a

6

particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." Id. at 945 (citations omitted). The court specifically stated,

> The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected . . . . The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).

Id. (citing Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 HARV. L. REV. 427, 492 (1991)). Finding that the district court's order had been too broad—sealing not just trade secrets, but things that were not trade secrets; sealing "other confidential . . . information" and all "governmental information"—the Seventh Circuit remanded to the district court for a determination of which portions of the appendix, if any, ought to be kept out of the public record. Id. at 945-46.

A year later, in Union Oil Co. of California v. Leavell, 220 F.3d 562, 567 (7th Cir. 2000), the court confronted a situation where "[a]lmost every document filed in this case, even the district court's opinions, orders, and judgment, bears the legend '**FILED UNDER SEAL**.'" The plaintiff argued that the parties agreed to keep the settlement confidential, and it appears expressed concerns about trade secrets. Id. The Seventh Circuit responded, "Litigation about trade secrets regularly is conducted in public; the district court seals only the *secrets* (and writes an opinion omitting secret details); no one would dream of saying that every dispute about trade secrets must be litigated in private." Id. Indeed, the court pointed out, disputes about national security

7

issues such as the Pentagon papers or the hydrogen bomb were litigated in open court, with the exception of some sealed items. Id. (citations omitted). The court noted,

> Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing.

Id. (citations omitted). The court suggested that "[p]eople who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." Id. at 568. Noting that it had "uniformly rejected" requests to seal proceedings "in order to implement the parties' preference for seclusion," the court ordered the clerk to place all documents on the public record, and directed the district court to do the same. Id.

Perhaps most on point with what Howmedica has argued in this litigation is the Seventh Circuit's 2010 decision in In re Specht, 622 F.3d 697 (7th Cir. 2010). Two of the corporate parties asked the Seventh Circuit to keep the language of their indemnity agreements and some other documents confidential, arguing that "[o]ther participants in the wireless communication business might be able to obtain some negotiating advantage by knowing the agreement's terms." Id. at 701. The parties seeking confidentiality, however, did not argue that the documents contained trade secrets. Id. The Seventh Circuit denied the request to keep the documents confidential, stating, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public

8

view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." Id. (citing Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544 (7th Cir. 2002); Union Oil Co., 220 F.3d 562).

In the past year, Chief Judge Griesbach confronted motions to seal in Formax, Inc. v. Alkar-Rapidpak-MP Equip., Inc., No. 11-C-298, 2014 WL 792086 (E.D. Wis. Feb. 25, 2014). At the outset, he noted that

> [m]otions to seal are becoming increasingly common and occupy an increasing portion of the court's time. In litigation involving businesses especially, it is common for one or both parties to request entry of a protective order to govern the handling [of] information they may be obligated to disclose in discovery that the disclosing party believes could damage its business if the information is disclosed to the wider general public, including their competitors. The typical protective order requested by the parties allows the disclosing party to designate such information "confidential" and thereby create a duty on the part of the receiving party to avoid any further disclosure of the information than is necessary to conduct the litigation. The benefit of such an order is that it increases a party's willingness to respond to discovery requests without involving the court on closer questions because of fear that providing information that is not directly relevant may cause injury to their businesses. The difficulty arises when one of the parties decides to include information from a document designated "confidential" as part of a court filing. The standard protective order states that if information from a document designated "confidential" by another party is filed with the court, it must be sealed. Filing documents under seal, however, conflicts with the general rule that litigation in the courts of the United States is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

Id. at *1.

He went on to discuss the fact that

> the determination whether to grant a motion to seal is not always a simple matter. The parties submit briefs addressing each document they wish the court to maintain under seal, and the court must read their briefs and issue a decision applying the law to the facts before it. This diverts time and attention from the

9

> merits of the case and forces parties and court to devote time and resources to tangential issues that do not contribute to the resolution of the case. These diversions can be minimized if the parties exercise greater restraint in designating material confidential and, perhaps, more importantly, give careful consideration *before* filing confidential material with the court.

Id. at *2.

In Formax, the information designated confidential was financial information. Judge Griesbach noted that "[d]ocuments containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal." Id. at *3 (citing, e.g., E.E.O.C. v. Abbott Labs., 10-C-833, 2012 WL 3842460, at *2 (E.D. Wis. Sept. 5, 2012)). On the other hand, he stated that

> not all pricing information or customer lists are entitled to protection. Who a business' customers are and what it charges for its goods and services usually are not trade secrets. In Wisconsin, customer lists are not generally afforded protection as trade secrets. *See Gary Van Zeeland Talent, Inc. v. Sandas*, 84 Wis.2d 202, 209, 267 N.W.2d 242 (1978). And, of course, the customer who pays the price for the goods or services necessarily knows what he paid and, absent a confidentiality agreement, is free to disclose the amount to others. Most customers typically shop around to see who has the best price. A company's gross revenue and market share are also not the kind of information that self-evidently poses a risk of unfair competition from one's competitors. Absent further explanation, the fact that documents contain such information does not constitute good cause for sealing them.

Id.

Howmedica's motion to seal its response to the plaintiffs'/third-party defendants' proposed material facts states that the document "reveals actual revenue figures, customer names, surgical tray inventory figures and details on

10

customer needs in the Territory." Dkt. No. 157 at 2. It states that exhibits 106-107 and 113 contain items marked confidential by the counterclaim defendants and third-party defendants. <u>Id.</u> It states that Exhibits 108, 111-112 and 114-116 "reveal Stryker Spine customer names, revenue totals and other Stryker Spine confidential business information." <u>Id.</u>

As Judge Griesbach indicated in <u>Formax</u>—and contrary to what the court previously allowed—customer lists or names do not constitute trade secrets. The fact that others sought confidentiality of some of the exhibits does not suffice to state cause, as this court has said several times. "Other Stryker Spine confidential business information" does not state cause. It is not clear that "revenue figures" states cause, or "surgical tray inventory figures and details on customer needs in the Territory."

The plaintiffs'/third-party defendants' motion to seal exhibits to their opposition to Stryker's motion for summary judgment states that "[c]ertain exhibits to the Harvey Declaration . . . have been filed under seal because they were designated as 'CONFIDENTIAL' or 'ATTORNEYS' EYES ONLY' by one of the parties in the lawsuit and because one of the parties requests that the exhibit remain sealed or that certain information be redacted before the exhibit is filed in the public record." Dkt. No. 166 at 2. It states that the movants will ask all the other parties if they still want these documents sealed; if anyone does, the movants state, the parties will file requests for redaction or sealing. <u>Id.</u>

11

Howmedica's motion to seal its response to Biomet's statement of additional facts and exhibits is similar to its motion to seal its response to the plaintiffs'/third-party defendants' proposed facts. Dkt. No. 172. Again, the motion states that the parties will be conferring about what needs to be redacted, but says that the information of concern is "a detailed breakdown of Stryker's historical sales figures," "sales data . . . totaled by customer and the customer names." Id. at 3. As intimated above, and as Judge Griesbach discussed, the court does not agree that this information is a trade secret (and Howmedica has not argued as much).

Finally, the plaintiffs'/third-party defendants' motion to seal their reply to Howmedica's statements of additional fact seeks to protect "actual revenue figures, customer names, surgical tray inventory figures and details on customer needs in the Territory." Dkt. No. 178 at 2. The court no longer agrees that this information should be kept from the public record, after reviewing the Seventh Circuit's decisions and Judge Griesbach's ruling in Formax.

The case before the court is scheduled to go to trial on May 23, 2016—less than four months from today. See Dkt. No. 83. Dispositive motions were due November 16, 2015. Dkt. No. 82 at 1. Biomet filed a motion for summary judgment on October 13, 2015, Dkt. No. 100. Defendant Howmedica filed a motion for summary judgment on November 16, 2015. Dkt. No. 112. The plaintiffs/third party defendants also filed a summary judgment motion on that date. Dkt. No. 120. All three of these motions are fully briefed. The motions the

12

parties have filed since the December 18, 2015 hearing are requests to seal some of these pleadings, or attachments to the pleadings.

The court is aware that the parties have other cases than this one, and other clients. But in the time since filing these motions to seal, the parties have not filed detailed redaction/sealing requests. The court gleans from the filings that Howmedica is the party requesting the confidentiality for many of these documents; the other parties appear to be requesting sealing/redaction in a good-faith attempt to avoid violating the protective order. As indicated above, the court's review of the case law has brought it to the conclusion that the arguments Howmedica has made for sealing many prior documents—and for sealing the information referenced in these most recent four motions—do not constitute cause for keeping this information from the public record.

Accordingly, as Judge Adelman did in <u>Kohler Co. v. Kopietzki</u>, No. 13-cv-1170, 2014 WL 7240138 (E.D. Wis. Dec. 19, 2014), I will give those parties who believe that there is cause for the documents in these four post-December 18, 2015 motions to seal fourteen (14) days to file a pleading showing good cause why the documents should be redacted or should remain under seal. If the requesting party does not show good cause, consistent with the case law the court has cited above, the court will order that the documents be unsealed. Before any party files a request to keep a document sealed, or to redact a document, the court encourages that party to review the cases above, and to keep in mind the Seventh Circuit's statement that "only trade secrets, information covered by a recognized privilege . . ., and information required by

13

statute to be maintained in confidence . . . is entitled to be kept secret." <u>Kohler</u>, 2014 WL 7240138 at *2 (quoting <u>Baxter Int'l, Inc. v. Abbott Labs.</u>, 297 F.3d 544, 546 (7th Cir. 2002)).

Accordingly, the court **ORDERS** that on or before **MONDAY, FEBRUARY 15, 2016**, any party believing that there is cause to seal or redact the items referenced in Dkt. Nos. 157, 166, 172 and 178 shall file a statement identifying those documents/that information for which such cause exists, and describing that cause. The court further **ORDERS** that failure to demonstrate the kind of cause referenced in the case law cited in this order will result in the court unsealing all of the documents referenced in those motions.

Dated in Milwaukee, Wisconsin this 1st day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

14

Case 2:14-cv-00093-PP    Filed 02/01/16    Page 14 of 14    Document 190