UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STRYKER SPINE, a Division
of Howmedica Osteonics Corp.,

Case No. 14-cv-93-pp

Plaintiff/Counter-Defendant,

v.

SPINE GROUP OF WISCONSIN, LLC,
PAUL BREITENBACH,
and TODD POTOKAR,

Defendants/Counter-Plaintiffs.

**ORDER CONSTRUING THE DOCUMENT AT DKT. NO. 357 AS A RULE 60(b)(6) MOTION TO VACATE, AND REQUIRING PARTIES TO SUPPLEMENT THE MOTION**

The jury returned its verdict in this diversity case on September 28, 2017. Dkt. No. 337. On October 9, 2017, the defendants timely filed a Rule 50(b) motion for a judgment as a matter of law/Rule 59 motion for new trial. Dkt. No. 344. The plaintiff filed a brief in opposition to that motion. Dkt. No. 354. About three weeks later, however—and before the deadline for the defendants to file their reply brief in support of the motion—the parties filed a stipulation,[1] informing the court that they had reached a settlement in principle, but needed time to formalize it. Dkt. No. 355. The stipulation

---
[1] Although the caption of this document called it "stipulation and order," it reads as a stipulation. The first sentence starts, "IT IS HEREBY STIPULATED AND AGREED . . . ." Dkt. No. 355 at 1. It asks the court to do something—specifically, to direct the clerk of court not to enter judgment. Id. at 2. The parties signed the stipulation. Id. at 3. They provided a separate, proposed order. Dkt. No. 355-1. (The court instead entered a text-only order, for reasons of form and expediency. Dkt. No. 356.)

1

indicated that the parties had agreed to ask the court to stay the deadline for the defendants to file their reply brief, and to defer entering judgment on the jury's verdict. Id. The court approved the stipulation on the same day, suspended the deadline for the defendants to file the reply brief and asked the clerk of court to deter entering judgment. Dkt. No. 356.

On February 19, 2018, the parties filed another document, entitled "Stipulated Order of Dismissal With Prejudice." Dkt. No. 357. This document takes the form of an order, although it contains, between the body of the order and the court signature block, the word "AGREED," followed by the signatures of counsel for each of the parties. The proposed order states that the case—consisting of all claims, counter-claims and third-party claims which were or could have been asserted—is dismissed with prejudice, "except that the Court shall retain jurisdiction of this matter and the Parties to enforce the Confidential Settlement Agreement." Id. at 2. The proposed order also states that "the Court, pursuant to an agreement of the parties, hereby vacates the following: A. all prior rulings of the Court; B. all prior findings regarding damages, costs and fees; C. all prior rulings regarding summary judgment, motions in limine and evidentiary matters; and D. the September 15, 2017 jury verdict." Id.

This is a bit of an odd procedural situation. The parties have not filed a motion asking the court to vacate its prior orders or the jury's verdict. Nor have they provided the court with the confidential settlement agreement, so the court does not know whether that agreement is conditioned on the court

vacating its prior orders and the jury's verdict. They have provided only a two-page proposed order that, if the court signs it, will vacate the last four years of orders and the verdict the jury rendered after a four-day trial.

The court acknowledges, and appreciates, the statement in the proposed order that "[t]he Parties now desire to avoid additional controversy, post-trial briefing and appeals; and to resolve amicably, without any admission of liability, this matter and all disputes which were asserted or court have been asserted in this matter pursuant to a Confidential Settlement Agreement." Dkt. No. 357 at 2, ¶4. The parties have a right to settle the disputes between them—as the Seventh Circuit has said, "[a] settlement is the parties' business. They may compromise just as they may reach any other (lawful) contract." Matter of Memorial Hosp. of Iowa C'nty, Inc., 862 F.2d 1299, 1302 (7th Cir. 1988). And parties frequently settle their disputes after a jury verdict, after a court enters judgment or after appeal.

Paragraph 6 of the proposed order, however, implies that the parties' agreement may be conditioned on the court vacating its prior rulings and the jury's verdict. "When the parties' bargain calls for judicial action . . . the benefits of settlement to the parties are not the only desiderata." Id. Any precedent already established in the case—defined as "public act[s] of a public official"—"is not the parties' property," and "[w]hen a clash between genuine adversaries produces a precedent . . . the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement." Id.

In Home Indem. Co. v. Farm House Foods Corp., 770 F. Supp. 1348 (E.D. Wis. 1991), the parties agreed to settle their case after the court granted partial summary judgment, and conditioned that settlement on the court vacating the summary judgment order. Judge Reynolds declined to vacate the order, referring to the Seventh Circuit's reasoning in Memorial Hospital. Id. at 1350. In Allen-Bradley Co., LLC v. Kollmorgen Corp., 199 F.R.D. 316 (E.D. Wis. 2001), the parties asked Judge Callahan to vacate an order construing patent claims, which he'd entered after a Markman hearing. The parties had settled the case, but the settlement was contingent on the court vacating the claim construction order. Id. at 318. Judge Callahan denied the motion to vacate the claim construction order, citing Judge Reynolds's decision in Home Indemnity and a decision from the U.S. Supreme Court, U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994). See also, Devore v. City of Philadelphia, Case No. 00-3598, 2003 WL 21961975 (E.D. Pa., June 24, 2003) (denying uncontested Rule 60(b) motion from relief from jury verdict filed as condition of settlement).

The court is not saying that courts cannot, or never should, vacate their own orders in order to facilitate settlement. Fed. R. Civ. P. 60(b)(6) allows a court, "[o]n motion and just terms," to relieve parties of their obligations under judgments, orders or proceedings[2] for "any other reason [than those identified in Rule 60(b)(1)-(5)] that justifies relief." The parties' "stipulated order of

---

[2] At the parties' request, the court has not entered judgment on the jury's verdict. They appear to tacitly acknowledge, however, that absent the court issuing an order of vacatur, they are bound by numerous prior orders of the court and by the jury's verdict.

4

dismissal with prejudice" is not a motion, but the court can resolve that procedural problem by construing it as one. It is more difficult for the court to resolve the "just terms" requirement of Rule 60(b).

Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. U.S., 335 U.S. 601, 614-15 (1949). District courts have "great latitude" in deciding whether to vacate orders or judgments under Rule 60(b)(6). Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc., 570 F.3d 845, 848 (7th Cir. 2009) (citing Swaim v. Moltan Co., 73 F.3d 711, 722 (7th Cir. 1996)).

But Rule 60(b)(6) "is fundamentally equitable in nature." Ramirez v. United States, 799 F.3d 845, 851 (7th Cir. 2015) (citations omitted). In considering requests to vacate jury verdicts, or judgments, district courts have been "guided by the array of equitable factors of justice and hardship traditionally balanced by district courts in considering requests for Rule 60(b) relief," such as "the public interests in precedent, preclusion, and judicial economy and the circumstances, hardships, and interests of private parties." Mayes v. City of Hammond, Ind., 631 F. Supp. 2d 1082, 1088 (N.D. Ind. 2008). The Mayes court considered those equitable factors, and granted a motion for vacatur of the jury verdict and final judgment (but not all prior opinions and orders), where the judgment was unlikely to have any preclusive effect and where the settlement "respected" the efforts of the jury and the court "notwithstanding the technical result of vacatur." Id. at 1094. Similarly, in

5

Orlowski v. Eriksen, Case No. 07 C 4015, 2010 WL 2401938 at *3 (N.D. Ill. June 10, 2010), the court found that the equities favored vacatur where "the parties reached an amicable settlement that impose[d] monetary responsibility on Defendants for liability found by the jury" after a five-day trial. See also, Jacobs v. Alexander, Case No. 05-cv-01625-SAB, 2017 WL 2081080 (E.D. Cal. 2017) (finding that the equities favored vacatur post-verdict when the settlement doubled the jury's award to the prevailing party and also resolved four other pending federal cases).

In contrast, the court in Obrycka v. City of Chicago, 913 F. Supp. 2d 598 (N.D. Ill. 2012) considered the same equities, but came to a different conclusion. That court denied the parties' joint motion to vacate a jury verdict and judgment because vacatur was no longer a condition precedent to the settlement, and the interests of precedential value, preclusion and judicial economy and integrity (in a case that lasted six years and involved a thirteen-day jury trial) weighed against vacatur.

Construing the parties' filing as a Rule 60(b)(6) motion, the court understands the parties to assert that granting the motion would serve the private interests of saving them the costs (both in time and money) of post-trial briefing and appeal. Dkt. No. 357 at 4. They also assert that it would avoid additional controversy. Id. The motion does not address the questions of precedential value or issue preclusion. Nor does it address the public interests of judicial economy and integrity (other than by implying that settlement will avoid further expenditure of resources by this court and the Seventh Circuit).

The court realizes that the parties likely have spent considerable time and effort over the past several months to reach agreement. It is mindful that they want to avoid any unnecessary expenditure of their time and resources. It understands that a hard-won settlement could turn into a Pyrrhic victory if the parties have to spend as much time convincing the court to effectuate the conditions of the settlement as they did negotiating it, or as they would continuing the litigation. But if, as the court believes, the parties require the court to grant their Rule 60(b)(6) motion in order to effectuate the settlement, it would be helpful to the court if they would provide it with information regarding the balance of equities in relation to the vacatur provision of the settlement.

The court also understands that the settlement terms are confidential. If the parties are concerned that supplementing their Rule 60(b)(6) motion could present problems in that regard, they may ask the court to restrict the supplement, or the settlement agreement itself, from public view.

Finally, the motion asks that the court dismiss the case with prejudice, but retain the ability to enforce the settlement the parties have reached. But just as the parties have not provided the court with the settlement agreement, they have not incorporated its terms into the proposed dismissal order. In Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), the Supreme Court discussed the concept of a court "retaining" jurisdiction to enforce the terms of a settlement agreement that results in dismissal. The Court noted that a lower court's ability to "retain" jurisdiction in a dismissed

case—really, the ability to exercise ancillary jurisdiction to enforce the settlement—was founded in its right to enforce its own orders. Id. at 380. A breach of a settlement agreement does not constitute a beach of a court's own order unless

> the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

Id. at 381.

While the parties' proposed order contains the "retaining jurisdiction" language to which the Supreme Court referred, the parties have not asked the court to incorporate the terms of that agreement into any order of dismissal, and the court does not know whether the settlement agreement itself provides for the parties to be bound by its terms. See, e.g., O'Sullivan v. City of Chicago, 396 F.3d 843, 862 n.4 (7th Cir. 2005) (consent decree entered as court's judgment); United States v. Wauconda Sand & Gravel Co., Case No. 93 C 7637, 2011 WL 5374110 at *3 n.2 (N.D. Ill., Nov. 7, 2011) (consent decree itself provided for retention of jurisdiction and parties agreed to be bound by its terms in the decree). The parties may wish to make clear in any supplement they file whether they wish the court to incorporate into any dismissal order either the terms of the settlement agreement or any specific term of the settlement agreement.

The court **CONSTRUES** the February 19, 2018 filing at Dkt. No. 357 as a joint Rule 60(b)(6) motion for vacatur by the entities who signed the document. The court **ORDERS** that the parties shall file a brief supplement to the joint Rule 60(b)(6) motion at their convenience.

Dated in Milwaukee, Wisconsin this 26th day of February, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**